**TAYLOR MADE GOLF CO., INC., Plaintiff,**

v.

. **EAGLE GOLF PRODUCTS, INC., Defendants.**

**No. 3:95CV7441.**

United States District Court, N.D. Ohio, Western Division.

Dec. 8, 1997.

Thomas S. Zaremba, Fuller & Henry, Toledo, OH, Robert E. Browne, Thomas C. McDonough, Thomas R. Dee, Steven G. Rudolph, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Plaintiff.

Ronald S. Moening, Sr., Robison, Curphey & O'Connell, Sam A. Eidy, Gordon A. Senerius, Senerius & Eidy, Toledo, OH, for Defendants.

Order

CARR, District Judge.

This is a patent infringement case in which plaintiff alleges that defendants Eagle Golf

---

**3.** Plaintiff's belated attempt to address these fac-  tors in its Motion to Reconsider is untimely.

Products, Inc., Flyton Sporting Goods Co., Ltd., and Golfco infringed plaintiff's registered trademarks and patents, falsely advertised their product, engaged in unfair competition, and violated the Ohio Deceptive Trade Practices Act, Ohio Rev.Code § 4165.02. (Doc. 23). This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(b). Pending is defendant Golfco's motion to set aside default judgment. (Doc. 54). For the following reasons, defendant's motion shall be denied.

On July 26, 1995, plaintiff filed a motion in federal court alleging various trade and patent infringements against defendant Eagle Golf Products, Inc. (Doc. 1). On September 8, 1995, plaintiff amended its complaint to add defendants Flyton Sporting Goods, Co., Ltd., and Golfco. (Doc. 23). On January 19, 1996, plaintiff reported to this court that numerous attempts to serve process on Golfco, via personal service and certified mail, had been unsuccessful. (Doc. 41). On January 22, 1996, pursuant to Rule 4.6(C) of the Ohio Rules of Civil Procedure, service via ordinary mail was rendered. (Doc. 39). Additionally, on January 25, 1996, plaintiff, acting pursuant to express authority from—indeed at the suggestion of—the undersigned, posted the summons and complaint to the residence of the owner of Golfco, Ms. Shirley K. Tsou a/k/a Kuei M. Tsou, which also serves as the address of record for Golfco. (Doc. 41).

On March 14, 1996, default was entered against defendant Golfco. (Doc. 42). On April 22, 1996, default judgment was granted. (Doc. 47). Approximately seventeen months later, on September 3, 1997, defendant Golfco filed its motion to set aside default judgment. (Doc. 54). Shortly thereafter, plaintiff filed its reply. (Doc. 59).

Defendant contends plaintiff's posting the summons and complaint at Ms. Tsou's residence was ineffective under the Federal Rules of Civil Procedure. (Doc. 54). Plaintiff responds that default judgment should not be set aside because defendant did not move to set aside the judgment within a reasonable time and, in any event, service of process was effectuated according to the provisions set forth in the Ohio and Federal Rules of Civil Procedure. (Doc. 59). I agree.

Under the Federal Rules of Civil Procedure, unless otherwise provided by federal law, service upon corporations and associations may be effectuated in the same manner as service upon an individual. Fed.R.Civ.P. 4(h). Therefore, service may be effected "pursuant to the law of the state in which the district court is located." Fed.R.Civ.P. 4(e)(1). The federal laws in question [1] do not contain provisions concerning the service of process, thus, the Ohio Rules of Civil Procedure are applicable in this action.

▮ Rule 4.3 of the Ohio Rules of Civil Procedure addresses out-of-state service of process. Because defendant does not assert that service is not permitted in this instance, the only issue before this court is whether the method of service was appropriate under this rule. Ohio R.Civ.P. 4.3. The two methods of service available under Rule 4.3 are service by certified mail and personal service. *Id.* Plaintiff has tried to effectuate service under both of these methods. First, over forty attempts were made to personally serve defendant's owner at her residence. (Doc. 59). However, each of these attempts was unsuccessful due to defendant's refusal to answer the door, even when it was apparent that she was home. (Doc. 59). Second, plaintiff has attempted to effectuate service via certified mail.[2] (Doc. 59). However, the certified mailing was returned unclaimed. (Doc. 41).

Under Rule 4.6 of the Ohio Rules of Civil Procedure, when a certified mail envelope is returned unclaimed, service can be effectuated via an ordinary mailing to the address set forth in the caption of the summons and complaint. Ohio Civ.R. 4.6(D). Moreover, under this rule, if the summons and complaint are not returned undelivered, service

---

**1.** 15 U.S.C. § 1051 *et seq.*

**2.** It is unrefuted that the address that the summons was sent to is both the address of record for defendant Golfco and the address of residence for Mrs. Tsou, the owner of Golfco.

shall be deemed complete when the fact of mailing is entered of record. *Id.*

On January 22, 1996, plaintiffs mailed a copy of the summons and complaint to Golfco's address of record. (Doc. 39). Defendant does not allege, nor does the record indicate, that this envelope was ever returned. Therefore, defendant was required to answer on or before February 19, 1996, twenty-eight days after the mailing. *Id.*

Additionally, to ensure that defendant was given actual notice of this action, this court ordered, and plaintiff provided, posting of the summons and complaint at the last known address of defendant's owner. Although this procedure is not required by the rules, it further assured that defendant was aware of the pending action. In fact, defendant Golfco did receive actual notice prior to the default judgment, as evidenced by the unrefuted fact that defendant's original counsel contacted plaintiff's counsel claiming to have a summons "with tape all over it." (Doc. 59). Nevertheless, defendant failed to respond to this action and, accordingly, default judgment was entered against it on April 22, 1996.

Furthermore, under the Federal Rules of Civil Procedure, a motion to set aside default must be made within a reasonable time. Fed.R.Civ.P. 60(b). In this instance, defendant has waited until seventeen months after entry of judgment and nineteen months after receipt of actual notice. Thus, defendant has not acted with diligence, and its tardiness should not be rewarded by granting it the relief it seeks but does not deserve.

For the foregoing reasons, it is hereby

**ORDERED THAT** defendant's motion to set aside default judgment (Doc. 54) shall be, and the same hereby is, denied.

**So ordered.**